**BUTTERCUP FARMS, Inc. v. FELDMAN.**

**BUTTERCUP FARMS, Inc. v. FELD-MAN et al.**

**Nos. 1044, 1042.**

Municipal Court of Appeals for the District of Columbia.

Argued April 16, 1951.

Decided May 15, 1951.

in debt brought by Buttercup Farms against the same defendant, Simon Schoen, trading as McKinley Market. In this case as in the other one there was an attachment before judgment with interrogatories directed to Solomon Feldman, and the record incorporated the same answers as were made by Feldman in the Troshinsky case. There, as here, plaintiff filed a traverse, with the result we have mentioned.

Though the two cases are somewhat different in certain procedural aspects and in time sequences involved, the basic rights of this plaintiff (appellant) are the same as those of appellant in the Troshinsky case. The substance of what this plaintiff sought to prove on the trial of his traverse was the same: that despite his attachment the garnishee proceeded to disburse the proceeds of the sale of Schoen's business in a manner not authorized by law.

For the reasons stated in Troshinsky v. Feldman, supra, we must order that the judgment of November 28, 1950 entered against this garnishee be reversed and remanded for further proceedings in accordance with the opinion in the Troshinsky case.

Another matter which requires decision is the separate appeal (our No. 1042) by Buttercup Farms, Inc., from judgments of condemnation subjecting its bank funds to the payment of attorneys' fees to Leonard S. Melrod and James M. Desmond. As we have seen in the Troshinsky case, the trial judge after deciding the case in favor of the garnishee awarded a fee of $150 to Mr. Melrod and a fee in the same amount to Mr. Desmond. After plaintiff's motion for a new trial was overruled, judgment was entered on the verdict and such judgment included allowance of these same attorneys' fees. On December 1, 1950, Melrod issued an attachment seizing the funds of this plaintiff, Buttercup Farms, in the hands of a local bank. On the same day Desmond also issued an attachment seizing plaintiff's funds in the same bank. Plaintiff thereupon filed a motion to quash both writs of attachment on the grounds, among others, that the award of counsel fees had been made only in the Troshinsky case. Nevertheless, despite the pendency of this motion to quash, the court (per Barse, C.

I. H. Halpern, Washington, D. C., for appellants.

Leonard S. Melrod and James M. Desmond, Washington, D. C., Charles S. Sures, Washington, D. C., on the briefs, for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

These are companion cases to Troshinsky v. Feldman, decided by us today. Troshinsky v. Feldman, D.C.Mun.App., 81 A.2d 91.

Buttercup Farms, Inc. v. Feldman, our No. 1044, was heard in the trial court together with the Troshinsky case and disposed of in the same manner—by direction of verdict for plaintiff. This was a suit

J.) ordered judgments of condemnation of Buttercup's funds in favor of Melrod for $150 and in favor of Desmond for the same amount.

These judgments were prematurely and improperly entered. Plaintiff was entitled to have the merits of his motion to quash examined and decided *before* its funds were condemned. It is significant that more than a month later the judgment in this case was corrected to show that the two attorneys' fees were "to apply in A 26–083"—The Troshinsky case, and the judgment in the Troshinsky case was corrected to show the attorneys' fees were "to apply" in *this* case. And it was not until then that plaintiff's motion to quash was overruled. We think the procedure was permitted to become highly and unnecessarily confused. For the record still does not make it plain how the attorneys' fees were to be allocated against the two plaintiffs.

 But in any event such attorneys' fees are only allowable under the statute when judgment is entered in favor of a garnishee and against a traversing plaintiff. Since we have ruled that the judgments for the garnishee must fall, the allowance of attorneys' fees must fall with them.

Reversed with instruction to vacate the judgment entered November 28, 1950 and to vacate the judgments of condemnation entered December 18, 1950, and for further proceedings in accordance with our opinion in No. 1043.